# United States District Court
# Western District of Washington, Tacoma Division

| | |
|---|---|
| Alyssa Reische, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.** |
| v. | |
| Setschedule, LLC, | **Jury Trial Demanded** |
| Defendant | |

## Introduction

1. Alyssa Reische ("Plaintiff"), brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Setschedule, LLC ("Setschedule" or "Defendant"), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls like the ones described within this

complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:
> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded

> messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## Jurisdiction and Venue

6. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue is proper in the United States District Court for the Western District of Washington pursuant to 18 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in the County of Pierce, City of Tacoma, State of Washington because it is a corporation doing business in the County of Pierce, City of Tacoma, State of Washington.

## Parties

8. Plaintiff is, and at all times mentioned herein was, a resident of the City of Tacoma, County of Pierce, State of Washington.

9. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

10. Defendant is located in the in the State of California and registered as a limited liability company in the State of California.

11. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (39).

12. At all times relevant, Defendant conducted business in the State of Washington and in the County of Pierce, within this judicial district.

///

///

## Factual Allegations

13. In or about April 2017, Plaintiff signed up for a service with Defendant in an attempt to obtain real estate client leads.

14. Subsequently, Plaintiff realized that the leads that Plaintiff received from Defendant were all elderly people who did not want to be contacted by a real estate agent such as Plaintiff.

15. Therefore, Plaintiff canceled the service with Defendant in or about April 2017 via an email to Defendant's representative, Paula.

16. Despite Plaintiff canceling her service with Defendant in or about April 2017, Defendant continued to call Plaintiff with an autodialer.

17. Since April 2017, Plaintiff has received over 60 autodialed calls from Defendant.

18. Plaintiff has told Defendant to stop calling Plaintiff approximately 30-40 times by phone, email and through Better Business Bureau complaints starting in April 2017.

19. The purpose of Defendant's calls to Plaintiff was to solicit Plaintiff's business.

20. On June 7, 2017, Plaintiff sent an email to Defendant stating that "I have already spoke to a manager a couple times. Take me off the list."

21. On June 8, 2017, Plaintiff sent her ***ninth*** request to be removed from Defendant's call list in an email to Defendant.

22. Plaintiff has told Defendant to stop calling Plaintiff on her cellular telephone.

23. From around April 2017 to the present, Defendant called Plaintiff on Plaintiff's cellular telephone number ending in 3176 over 60 times via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

24. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

25. Plaintiff estimates that she received over 60 calls between April 2017 and the present and the calls are continuing.

26. When Plaintiff answered Defendant's phone calls, there was often either silence or a prerecorded massage indicating that an ATDS was in use.

27. Defendant called Plaintiff using the numbers (407) 550-0982 and (551) 722-7831, and (949) 484-7706 among others.

28. Defendant did not have consent to call Plaintiff on Plaintiff's cellular telephone especially since Plaintiff expressly revoked consent for Defendant to call Plaintiff's cellular telephone number.

29. Any prior consent Defendant had to call Plaintiff was clearly revoked by her numerous requests for Defendant to stop calling her.

30. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

31. The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

32. Plaintiff did not provide Defendant or its agent(s) prior express consent to receive the calls to his cellular telephone, via an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

33. The telephone call by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

34. Through Defendant's actions, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

35. Plaintiff was personally affected because she was frustrated and distressed

that despite Plaintiff telling Defendant to stop calling her on her cell phone, Defendant continued to harass Plaintiff with calls using an ATDS.

36. Defendant's calls forced Plaintiff to live without the utility of her cellular phone by forcing Plaintiff to silence her cellular phones and/or block incoming numbers.

## First Cause of Action
## Negligent Violations Of The
## Telephone Consumer Protection Act (TCPA)
## 47 U.S.C. 227

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

39. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

40. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## Second Cause of Action
## Knowing and/or Willful Of The
## Telephone Consumer Protection Act (TCPA)
## 47 U.S.C. 227

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Plaintiff made numerous requests for Defendant to stop calling her cell phone.

43. Each call after Plaintiff's first received call in or around April 2017 where Plaintiff requested Defendant stop calling her cell phone constitute a knowing and/or willful violation of the TCPA.

44. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

45. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

46. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## Prayer For Relief

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

### First Cause of Action for Negligent Violation of the TCPA, 47 U.S.C. § 227 Et Seq.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### Second Cause of Action For Knowing and/or Willful Violations of the TCPA, 47 U.S.C. § 227 Et Seq.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §

227(b)(1), Plaintiff seeks for herself $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

## Trial By Jury

47. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,	**Kazerouni Law Group**

Date: March 9, 2020	By: */s/ Ryan L. McBride*
　　　　　　　　　　　　　　　Ryan L. McBride (50751)
　　　　　　　　　　　　　　　Kazerouni Law Group
　　　　　　　　　　　　　　　245 Fischer Ave., Suite D1
　　　　　　　　　　　　　　　Costa Mesa, CA 92626
　　　　　　　　　　　　　　　P: (800) 400-6808 x14
　　　　　　　　　　　　　　　F: (800) 520-5523

　　　　　　　　　　　　　　　Attorneys for Plaintiff